Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 181 | DATE | 9/5/2002 |
| CASE TITLE | USA ex rel ALLAN HIGGENBOTTOM vs. JERRY STERNES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Petiti Higgenbottom's petition for habeas corpus is denied. This case is hereby terminated. All pen motions are dismissed as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 09 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 SEP -9 AM 11:29 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. ALLAN HIGGENBOTTOM, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| JERRY STERNES, | ) ) | 02 C 181 |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Allan Higgenbottom is serving a term of twenty-five years imprisonment at the Dixon Correctional Center after his conviction for first degree murder by theory of accountability. Before the Court is Higgenbottom's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons provided in this Memorandum Opinion and Order, the Court denies the petition.

## FACTS

The following are the relevant facts regarding Higgenbottom's conviction from the multiple orders of the Illinois Appellate Court which affirmed his conviction, which must be presumed to be correct on habeas review. *See* 28 U.S.C. § 2254(e)(1).

Following a bench trial in the Circuit Court of Cook County, Higgenbottom was convicted of the first degree murder of Gary Dahl on the theory of accountability. 720 ILL. COMP. STAT. 5/9-1 (West 2000). The evidence at trial showed that on February 12, 1996, two men, Terry Bosley and Gary Dahl, were standing next to a passenger van at 120th Street and

Perry in the city of Chicago. The men heard gunshots and hid on different sides of the van. From his hidden position, Bosley saw two men shooting and saw one man's gun spark only once. When the men stopped shooting, they ran away. Bosley went around to the other side of the van, discovered that his friend Dahl had been shot, got help for him, and saw him being put into an ambulance. Dahl died from the gunshot wounds.

On March 4, 1996, Bosley saw some pictures at the police station and positively identified Allan Higgenbottom as the man whose gun had sparked once. A few days later, Bosley saw Higgenbottom in a police lineup and again identified him. He also identified Higgenbottom at trial.

On the night of the shooting, James Burnett was standing in front of his house on Perry Avenue when he heard gunshots. He then observed two men standing on the corner of the street, one of whom he identified as Terrence Strain and the other whom he could not see because he was standing behind a tree. He observed the two men fire about twelve shots and saw a young man get hit by one of the bullets. At trial, he testified that he could not tell who the second person was who accompanied Strain.

On February 20, 1996, Higgenbottom voluntarily went to the police station with officer Arnold Weddington, who had received a tip from an informant that Higgenbottom may have been one of the offenders. After being interviewed several times and taking a lie detector test, Higgenbottom indicated in a written statement that he and Terrence Strain began shooting that night at the corner of 120th Street and Perry because they were looking to kill members of a rival gang. They both began firing their guns after seeing some rival members. Higgenbottom's gun jammed after one shot but, Strains continued to fire his weapon. This statement was admitted into evidence at trial.

2

Higgenbottom presented an alibi defense through stipulated testimony of two men. Both men testified that Higgenbottom was playing basketball at a local park at the time of the shooting.

Higgenbottom and Strain had separate trials, and Higgenbottom received a twenty-five year sentence on August 20, 1997. The trial court denied Higgenbottom's request for a new trial.

Higgenbottom appealed his case and argued that his attorney should have impeached James Burnett due to his testimony in the trial of Strain. On direct appeal, Higgenbottom's newly appointed public defender filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), stating that this change in testimony did not merit a new trial. Burnett's testimony had not specifically implicated Higgenbottom, and even if his testimony had been impeached, enough evidence still existed to convict Higgenbottom—his confession and the identification by the other witness. Higgenbottom filed a response to this motion contesting his counsel's claim. On June 30, 1999, the appellate court granted the *Anders* motion and dismissed Higgenbottom's appeal. *People v. Higgenbottom*, No.1-97-3432 (Ill. App. Ct. June 30, 1999) (unpublished decision).

On May 10, 2000, three years after his conviction, and six months past the due date required by state law, Higgenbottom filed a petition for relief from judgment, claiming that a state witness at his trial had recanted his testimony. The recantation cited consisted once again of Mr. Burnett's testimony. On appeal, Higgenbottom was appointed counsel. His counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), stating that the recanted testimony did not meet the standard for relief from judgment. He further noted that Higgenbottom had filed his petition for relief from judgment six months past the deadline. In his

3

petition, Higgenbottom claimed that the deadline for its submission was fraudulently concealed from him and therefore should be tolled, allowing his petition to go forward normally. However, as his counsel noted in his *Finley* motion, Higgenbottom gave no explanation of how the deadline was fraudulently concealed from him.

The trial court granted his counsel's *Finley* motion and denied Higgenbottom's petition. The court stated that the petition was past the filing deadline and therefore was invalid. However, the court also commented on the merits of Higgenbottom's petition and found that the recanted testimony did not merit relief from judgment.

Higgenbottom appealed this decision, arguing that his counsels' withdrawal in his direct appeal and in his petition for relief from judgment prevented his meaningful access to the courts and that the deadline for his petition for relief from judgment should have been tolled. The Illinois Appellate Court reviewed this decision, and affirmed the trial court's denial of Higgenbottom's petition due to the untimeliness of his petition and the court's finding that the facts of the case did not merit relief from judgment.

Higgenbottom petitioned the Illinois Supreme Court for leave to appeal and raised both of the issues previously raised. The court denied his petition for leave to appeal.

Higgenbottom now requests a writ of *habeas corpus* from this Court, arguing that (1) his constitutional right to effective assistance of counsel was violated because his counsel on direct appeal filed an *Anders* brief and his counsel on appeal of his post-conviction petition filed a *Finley* brief; and (2) the trial court erred by not considering whether the statutory deadline on his post conviction appeal should have been tolled due to exceptional circumstances. First, Respondent argues that some of the Petitioner's claims are non-cognizable claims for habeas

4

relief. Second, Respondent argues that Petitioner's remaining claims do not merit habeas relief. The Court addresses each argument in turn.

## DISCUSSION

The review of Higgenbottom's petition for writ of habeas corpus is governed by 28 U.S.C. § 2254 ("section 2254") as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A federal habeas court's role in reviewing state prisoner applications was modified by AEDPA to prevent "retrials" and to ensure that state court convictions are given effect to the extent possible under the law. *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000). Habeas relief is only available for individuals who are contesting facts or duration of custody arising from a state criminal adjudication. *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000). The habeas statute has many procedural requirements and affords relief only on narrow substantive grounds. Therefore, before the Court addresses the merits of the claims raised, it must first determine whether Higgenbottom's claims are properly before the Court.

### A. Non-cognizable Claims

A federal court can give *habeas* relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Haas v. Abrahamson*, 910 F. 2d 384, 389 (7th Cir. 1990); *Kavanagh v. Berge*, 73 F.3d 733, 735 (7th Cir. 1996). Before a federal court may overturn a conviction resulting from a state trial, it must be proven, not that the state's decision is undesirable, erroneous, or even "universally condemned," but that it violated some constitutional right. *Smith v. Phillips*, 455 U.S. 209, 221 (1982) (quoting *Cupp v. Naughten*, 414

U.S. 141, 146 (1973)). A federal court may not issue the writ of habeas corpus on the basis of a perceived error of state law. *Jones v. Thieret*, 846 F.2d 457, 459 (7th Cir. 1988). Therefore, in order to be cognizable and appropriate for habeas review, a claim must describe a violation of federal constitutional or statutory law. 28 U.S.C. § 2254(d). If the issue raised does not address federal law, the habeas claim is not appropriate for review by the court. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

### 1. Ineffective Assistance of Counsel on Post-Conviction Petition Appeal

Higgenbottom argues that the withdrawal of his counsel in his post-conviction appeal constituted ineffective assistance of counsel. However, as the State of Illinois points out in its answer to Higgenbottom's habeas corpus petition, there is no constitutional right to an attorney on a post-conviction appeal, let alone a constitutional right to the effective assistance of an attorney on such an appeal. *Finley*, 481 U.S. at 556-57; *Coleman*, 501 U.S. at 756. The right to an appellate attorney only extends to a defendant's first direct appeal after conviction. *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). Because petitioner lacks a constitutional right as to this claim, it is non-cognizable.

### 2. Statute of Limitations in Post-Conviction Proceedings

Higgenbottom's next claim deals with his post-conviction appeal. Specifically, Higgenbottom filed his post-conviction appeal late and his requests to have the deadline tolled back have been denied. He wants this court to toll back the deadline for him, or to order the state of Illinois to toll back the deadline. One of Higgenbottom's main justifications for why the deadline should be tolled is that the untimeliness of his petition has prevented a court from

seriously analyzing his new evidence. A review of the record proves otherwise. At the beginning of his post-conviction appeal, the trial court noted that the appeal was late and therefore invalid, yet still commented on the merits of the case. It found them to be lacking. The Illinois Appellate Court's decision spent most of its time discussing the merits of the case, only mentioning in passing that the petition was filed past the statutory deadline. It too ruled that the new evidence in Higgenbottom's case did not merit relief from judgment or a new trial. Apparently because both courts have at least mentioned the fact that the appeal was past the statutory deadline, Higgenbottom insists that no court has actually addressed the new evidence that he has found. This is untrue. Both courts examined the new evidence and found that it was not compelling enough to overturn, or even call into doubt, Higgenbottom's conviction. Higgenbottom continues to insist that both courts should have tolled back the deadline on this post-conviction appeal because the deadline was fraudulently concealed. However, he has given no factual support for how this deadline was concealed from him.

Moreover, Higgenbottom cannot look to federal court to remedy this claim. There is no constitutional right to any post conviction proceeding. *Finley*, 481 U.S. at 556-57. A habeas court "will not review a question of federal law decided by a state court if that decision rests on state law grounds that are independent of the federal question and adequate to support the judgment." *Franklin v. Gilmore,* 188 F.3d 877, 881 (7th Cir. 1999). "If the state court declined to reach the merits of the petitioner's claim because of a procedural default, that default must constitute an independent and adequate state-law ground in order to be a bar to federal habeas relief." *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000) (citing *Coleman,* 501 U.S. at 729-30). A state rule is considered an "independent" bar to federal review when the court relied on a state procedural bar "as an independent basis for its disposition of the case." *U.S. ex rel. Bell v.*

*Pierson*, 267 F.3d 544, 556 (7th Cir. 2001). This means that the last state court which considered the question actually relied, "clearly and expressly", on procedural default as the basis for its decision. *Braun*, 227 F.3d at 912. In addition, state rules are deemed "adequate" when they are firmly established and regularly applied at the time of the case being reviewed. *Franklin*, 188 F.3d at 882. Therefore, a procedural ground cannot be employed "infrequently, unexpectedly, or freakishly." *Braun*, 227 F.3d at 912.

A proceeding filed under the Post-Conviction Hearing Act, 725 ILL. COMP. STAT. 5/122-1 *et seq.* (West 2000), is not an appeal. The proceeding is a collateral attack on a prior conviction and sentence limited in scope to constitutional issues relating to the conviction which have not, and could not, have been adjudicated earlier. *Franklin,* 188 F.3d at 883; *see also People v. Mahaffey*, 165 Ill. 2d 445, 651 N.E.2d 174, 179 (1995). Also, "failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court." *Franklin*, 188 F.3d at 883. In addition, "failure to comply with state procedural rules, such as state statute of limitations, provides adequate basis for barring federal habeas relief." *Barksdale v. Lane*, 957 F.2d 379, 382 (7th Cir. 1992). Having determined that the state court found Petitioner's claim procedurally defaulted on independent and adequate state grounds, this federal habeas court is not at liberty to question that ruling. *Schaff v. Snyder*, 190 F.3d 513, 524 (7th Cir. 1999) (citing *Harris v. Reed,* 489 U.S. 255, 262 (1989)). This claim is therefore non-cognizable.

**B. Merits**

A federal habeas corpus review of the state court's determinations is limited. Under 28 U.S.C. § 2254, a petitioner must demonstrate that the claim was adjudicated on the merits in

8

state court and "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The "contrary to" provision pertains to questions of law which the court reviews *de novo*. *Schaff*, 190 F.3d at 522. The "unreasonable application" provision applies to mixed questions of law and fact, to which the federal court grants deference to reasonable state court decisions. *Schaff*, 190 F.3d at 522-23. Under section 2254(d)(2), the "unreasonable determination of the facts" language relates to pure questions of fact. *Hall v. Washington*, 106 F.3d 742, 752 (7th Cir. 1997). Moreover, section 2254 instructs the reviewing federal habeas court to presume that the state court's factual determinations are correct unless petitioner can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Schaff*, 190 F.3d at 521.

Under the "contrary to" clause, a federal court is "free to express an independent opinion" on whether a state court has deviated from the constitution on a legal question in contravention of United States Supreme Court precedent. *Lindh v. Murphy*, 96 F.3d 856, 861 (7th Cir. 1996) (en banc), *rev'd on other grounds*, 521 U.S. 320 (1997). This has been interpreted to mean that a federal habeas court may grant relief if the state court (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405.

Under the "unreasonable application" provision, a federal habeas court cannot express the same type of independent opinion allowed under the "contrary to" clause. *Lindh*, 96 F.3d at 871. When determining whether the state court's assessment was "unreasonable," the federal

courts must "take into account the care with which the state court considered the subject." *Id.* If the state court offers a "responsible, thoughtful answer" after "a full opportunity to litigate" the issue, a federal habeas court must accept that answer as "adequate to support the judgment" even if it believes the state court decision is wrong. *Id.* However, a federal court may grant relief if the state court identifies the correct legal principle from among Supreme Court decisions, but unreasonably applies that principle to the facts of the petitioner's case. *Williams*, 529 U.S. at 412-13. When determining an unreasonable application of clearly established federal law, an objective standard should be employed. *Id.* at 409. Most importantly, for habeas corpus review purposes, an unreasonable application of federal law is different from an incorrect application of federal law. *Id.* at 410.

Ineffective assistance of counsel claims are governed by the standard of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Higgenbottom bears a heavy burden in demonstrating an ineffective assistance of counsel claim. *Drake v. Clark*, 14 F.3d 351, 355 (7th Cir. 1994). He must demonstrate that (1) his counsel's performance was deficient, meaning that it fell below objective standards for reasonably effective representation under "prevailing professional norms" and (2) the deficient performance prejudiced the defense, meaning that but for the deficient representation, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-88. A failure to establish either prong results in a denial of the ineffective assistance of counsel claim. *See Hough v. Anderson*, 272 F.3d 878, 890 (7th Cir. 2001). Finally, in a federal habeas review of a state criminal judgment, the state court's determination as to the question of effectiveness of counsel is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. § 2254(d). *Strickland,* 466 U.S. at 698. The claim of ineffectiveness of counsel "is a mixed question of law and fact." *Id.* As previously enunciated, the

"unreasonable application" provision applies to mixed questions of law and fact. *Schaff*, 190 F.3d at 522-23. Therefore, the question presented is whether the state court's adjudication of Higgenbottom's claims involved an unreasonable application of the ineffective assistance of counsel standard under *Strickland*. It must be noted that a writ of habeas corpus may not be issued simply because it can be concluded that the relevant state court decision applied *Strickland* erroneously or incorrectly. Rather, the application must be unreasonable. *Roche v. Davis*, 291 F.3d 473, 481 (7th Cir. 2002).

Higgenbottom argues that the actions of his attorney on his direct appeal (by filing an *Anders* brief) denied him a chance to have meaningful access to appellate review. However, Higgenbottom's argument for meaningful access to appellate review truly is a claim of ineffective assistance of counsel. In essence, he claims that the *Anders* motion filed by his attorney constitutes ineffective assistance of counsel.

When Higgenbottom's counsel in his direct appeal moved to withdraw, he did so following to the letter the appropriate Supreme Court precedent. His counsel moved to withdraw according to the standards of *Anders v. California*, 386 U.S. 738, 744 (1967). *Anders* provides that:

> If counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court -- not counsel -- then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

*Id.* The Seventh Circuit has enunciated a three-part test for determining whether a *Anders* brief meets constitutional standards:

11

> The brief should (1) identify, with record references and case citations, any
> feature of the proceeding in the district court that a court or another lawyer might
> conceivably think worth citing to the appellate court as a possible ground of error;
> (2) sketch the argument for reversal that might be made with respect to each such
> potential ground of error; and (3) explain why he nevertheless believes that none
> of these arguments is non-frivolous.

*U.S. v. Edwards,* 777 F.2d 364, 366 (7th Cir. 1985).

The defense counsel in this case fulfilled the three *Anders* requirements. First, the public defender in this case, Mr. Cary Berman, wrote a full brief on the case to the Illinois appellate court. Berman explained the facts in the case, the varying witnesses, and how Higgenbottom believed the attorney should have impeached Terry Bosley. He referenced the record for all of his explanations. Second, he explained why Higgenbottom believed the attorney's decision not to impeach Bosley merited a new trial. Third, he explained why he found the evidence to be lacking, and why the appeal was therefore frivolous. Berman furnished a copy to Higgenbottom, he responded, and the court granted Berman's withdrawal. *People v. Higgenbottom,* No.1-97-3432 (Ill. App. Ct. June 30, 1999) (unpublished decision). Berman fulfilled all the steps required by Supreme Court precedent and accordingly his conduct in filing the *Anders* motion was proper.

Furthermore, the Supreme Court has once again approved the *Anders* procedure as constitutional. *See Smith v. Robbins,* 528 U.S. 259, 269-70 (2000). Therefore, a properly filed *Anders* motion, which consists of supported arguments for the defendant constitutes effective assistance of counsel.

In his supporting brief, Higgenbottom extensively cites the similarities between his case and *Penson v. Ohio,* 488 U.S. 75 (1988). In *Penson,* an appellate court allowed an Ohio public defender to withdraw from a case on appeal without filing an *Anders* motion. *Id.* at 81. The

12

court found this action unconstitutional since the counsel did not supply an *Anders* brief, but merely a "Certification of Meritless Appeal and Motion." *Id.* The Ohio court in *Penson* accepted this certification instead of an *Anders* brief and allowed the counsel to withdraw before examining the case on its own. *Id.* These actions violated the procedures laid out in *Anders* and were unconstitutional. *Id.* at 81-85. Higgenbottom claims that the actions of the Illinois Appellate Court in his direct appeal mirror those of the court in *Penson*. He is mistaken. His counsel filed an *Anders* brief in accordance with federal requirements. The Illinois appellate court reviewed it and the surrounding facts of the case before allowing his counsel to withdraw. *People v. Higgenbottom*, No. 1-97-342 (unpublished decision). Higgenbottom's counsel and the Illinois Appellate Court in his direct appeal adhered to *Anders* protocol and therefore the conduct regarding his direct appeal met the constitutional requirements.

## CONCLUSION

For the foregoing reasons, the court denies Higgenbottom's petition for habeas corpus. This case is hereby terminated. All pending motions are dismissed as moot.

**SO ORDERED**  ENTER: 9-5-02

HON. RONALD A. GUZMAN
**United States Judge**